FILED
IN CLERKS OFFICE
2026 OCT -9 P 3:10
U.S. DISTRICT COURT
DISTRICT OF MASS.

**UNITED STATES DISTRICT COURT OF MASSACHUSETTS**

**CIVIL ACTION NO.**

**STEVEN E. KRAMER**
**Plaintiff**

**V.**

**COMMONWEALTH OF MASSACHUSETTS**
**Defendant**

**V.**

**KATHLEEN TRAHAN/ STANLEY PELCZAR/ESTATE OF RONALD DUNBAR**
**Indispensable parties**

**COMPLAINT AND INJUNCTION REQUEST**

I. **Introduction**

1. The underlying protracted civil litigation that preceded this action began in 2017 as a simple collection matter. The conflict persisted and now culminates in this proceeding based upon constitutional violations committed by the Commonwealth of Massachusetts due to its decision in the case of Bassichis v. Flores ,490 Mass. 143 (2022). ("Bassichis") The case purportedly protects counsel via an expanded litigation privilege. However, as is evidenced by the substance and longevity of the underlying proceedings, the privilege imposes an unconstitutional confiscatory policy on litigants. Plaintiff and Kathleen Trahan("Trahan") have had their substantive and procedural due process rights consistently denied by the exercise of their opponents' litigation privilege in the case. By virtue of the continuous expanded privilege, the Commonwealth permitted Stanley Pelczar, ("Pelczar") and his counsel, the late Ronald Dunbar ("Dunbar") to hijack the proceedings by their

fraudulent misrepresentation of relevant facts, creating an inaccurate and prejudicial record that persisted and prevented equitable adjudication. The Commonwealth, via Bassichis, allowed the persistent inclusion of fraudulent facts in defenses and counterclaims, even after they were deemed meritless. When combined with the lower and appellate courts' admonitions of Plaintiff's efforts to correct the factual record, the result is the state's unconstitutional deprivation of substantive and due process rights to recover liquidated debts that have been owed since 2015.

II. **Jurisdiction**

2. Jurisdiction is conferred upon this matter by 28 U.S.C. sec. 1331. It is also proper under the Eleventh Amendment of the Constitution since the Commonwealth is a participant in Plaintiff's constitutional deprivation and therefore may be ordered to participate in the warranted remedy. Milliken v. Bradley 433 US 267, 295 (1977).

III. **Parties**

3. Steven E. Kramer is a natural person who resides in Mashpee, MA. He served as counsel to Trahan between 2017 and 2025.

4. Defendant, the Commonwealth of Massachusetts, through its Supreme Judicial Court, ("SJC") issued the decision in Bassichis.

5. Indispensable parties, Kathleen Trahan, Stanely Pelczar and ( the late)Ronald Dunbar were parties and counsel in the underlying action of Trahan v. Pelczar, Middlesex Superior Court CA No. 1781CV02356.("Middlesex litigation")

IV. **Summary of Law Applicable to Claims**

6. In 2022, the SJC issued a decision in Bassichis that significantly expands the scope of the litigation privilege to include fraudulent actions as well as misrepresentations.

7. Included in the Bassichis decision is the Court's declaration that to provide zealous advocacy,

counsel must be permitted to allege fraudulent tactics on behalf of their clients and be protected from liability claims for doing so. The SJC held that "the litigation privilege is the 'backbone to an effective and smoothly operating judicial system.'"

8. The SJC also held that the rights of citizens to recover should be subordinated to counsel's ability to make misrepresentations. The court held, **"it is better to leave unredressed the wrongs done by dishonest officers than to subject those who try to do their duty the constant dread of retaliation".** The implementation of that policy is the primary reason that Plaintiff and Trahan's claims remain unaddressed in this matter.

9. Also in Bassichis, the SJC held that the privilege "comes at the cost of potentially protecting an individual attorney who misrepresents material facts to further the attorney's client's interests. We accept this broad protection as necessary to encourage zealous advocacy". This declaration further illustrates the court 's unconstitutional prioritization of protecting counsel over the substantive and due process rights of litigants.

10. The prejudicial result of the expanded privilege on Plaintiff, Trahan and similarly situated litigants continues to be severe as the expanded privilege subordinates their substantive and due process rights to opposing counsel's right to create a fraudulent record, misrepresent facts and utilize fraudulent actions.

11. All facts alleged in this action are undisputed based upon the record of prior proceedings, most notably the parties' Rule 9A(b)(5) statement required by the SJC, attached as Exhibit A.

## IV. STATEMENT OF UNDISPUTED FACTS

12. Prior to 2012, Trahan and Pelczar were engaged in the business of rehabilitating and selling residential real estate. As of that year, Pelczar owed Trahan almost $500,000 and she sued him in

Suffolk Superior Court. In December, 2012, they filed a stipulation of dismissal and entered a settlement agreement that required Pelczar to pay Trahan $275,000 over 20 years, with the principal to increase to $375,000 if he defaulted on a payment. The agreement also provides that if litigation were required to enforce the agreement, attorney's fees would be paid to the prevailing party.

13. Pelczar stopped all payments in 2015. He told his wife in 2012 that he intended to pay Trahan for two years and then file for bankruptcy. He has not resumed payments since 2015.

14. In 2017, due to the defaults, Trahan hired Plaintiff to file a new action against Pelczar. ("Middlesex Litigation") The tracking order in the case required that all discovery be completed by June 4, 2018. As of that date, no discovery had been promulgated.

15. Pelczar was divorced in 2017 and pursuant to his divorce agreement, he would receive approximately $13000 per month for a total of $475,000 from his ex-wife, the reach and apply defendant in the Middlesex litigation, since she retained the marital home.

16. In his answer and counterclaim, Defendant's counsel ("Dunbar"), alleged that Trahan sought to accelerate payment of the entire amount due and that she refused binding offers of settlement. No evidence of such efforts was ever provided during the entire litigation on in the later Rule 9A(b)(5) statement. On February 15, 2019, Judge Barry-Smith held that the defenses and counterclaims had proven to be "wholly meritless" and Pelczar's divorce payments would likely be Trahan's only source of recovery.

17. In March, 2019, during a status conference ten months after the discovery deadline, without filing a motion, Dunbar requested substantial discovery for the previously rejected "genuine issues of material fact." Judge Barry-Smith issued an order on May 8, 2019 that allowed Dunbar to take three depositions, propound interrogatories, issue document requests and issue subpoenas. Plaintiff strongly objected on timeliness grounds and since the time that would be required to complete the discovery , file and dispose of further dispositive motions would eliminate the reach and apply

funds to Pelczar who was continuing to default on all payments. Plaintiff moved to add c. 93A claims against Pelczar and Dunbar for these tactics but Judge Barry-Smith denied them.

18. Substantial disagreements emerged between Plaintiff and Judge Barry-Smith on the scope and timing of the discovery. In his August 20, 2020 summary judgment decision, Judge Barry-Smith admitted that he had "invited piecemeal litigation". However, he misrepresented on multiple occasions that his May 8, 2019 discovery order had only required "one deposition". He also ignored his pending ruling of "meritless" defenses, and found that Plaintiff did attempt to accelerate her remedies. Relying on both inaccurate prior rulings, he reduced Plaintiff's fees by $80,000 as of August, 2020. date. He then dismissed Plaintiff's appeal in a ruling on a subsequent motion but was reversed by the Single Justice Rubin on July 6, 2021.

19. Due to the mistakes, Plaintiff subsequently requested appellate relief from judgment and filed Rule 60(b) motions pursuant to Kemp v. United States, 596 US ____(2022) on numerous occasions, seeking a contempt summons and a revised judgment to reflect the further defaults. All requests were denied by Judge Barry-Smith and the appeals court based upon the fraudulent record that persisted resulting in c. 211 sec. 3 petitions with the SJC.

20. In the meantime, Dunbar filed foreclosure actions and a separate Essex Superior Court complaint to eliminate the remaining reach and apply funds. The litigation privilege was constantly invoked in all proceedings to present fraudulent factual allegations to defend his actions.

21. On three separate occasions, Plaintiff sought c. 211 sec. 3 intervention. The first two requests were denied but Justice Sergio Georges accepted the third request and scheduled a hearing in January, 2025. He ordered the parties to submit the Rule 9A(b)(5) joint statement of facts (Exhibit A) due to the Plaintiff's insistence on extensive fraudulent facts in the record. Plaintiff complied with submission of 26 factual paragraphs while Attorney Dunbar provided one response and incorporated it by reference to all remaining allegations.

22. Due to the excessive efforts by Plaintiff to correct the existing fraudulent facts inserted by Dunbar that dominated the record, Justice Georges held that Plaintiff's submissions were redundant and abusive and Dunbar did "nothing wrong to justify the lengthy responses and filings".
He even referred Kramer to the Board of Bar Overseers for the excessive filings and as a result, Trahan dismissed him as counsel.

23. The SJC has not allowed nor considered further filings despite Plaintiff's continued efforts.

24. Dunbar recently had an email message that indicated his email address would not be available after September 30, 2026. Upon inquiry, it was determined that he passed away on August 26, 2026 and is now being sued by multiple colleagues and friends for millions of dollars which he allegedly converted in failed real estate transactions in the Newport, Rhode Island area.

25. Due to the availability of the litigation privilege for Pelczar and Dunbar throughout these proceedings, Dunbar continued his fraudulent allegations and Pelczar continued his defaults. As a result, Plaintiff has been forced to expend hundreds of hours of uncompensated time on Trahan's behalf seeking to restore an accurate record and Pelczar has not made a payment since 2015. All of the above allegations are based upon unrefuted facts and continue due to the *carte blanche* for counsel's fraudulent claims in Bassichis.

VI. Statement of Claims

26. Plaintiff reasserts and realleges paragraphs 1 – 25 as if fully set forth herein.

27. The Commonwealth, through the Supreme Judicial decision in Bassichis v. Flores is a substantial factor and cause of the losses incurred by Plaintiff and Trahan. The decision enabled counsel to deny liability and damages by invoking fraudulent factual allegations in their oppositions to duly owed remedies.

28. By virtue of the multiple fraudulent factual allegations, defenses and counterclaims asserted by Dunbar on behalf of the Defendant, allowed by Bassichis and the state courts, Plaintiff and Trahan

have been denied their substantive and procedural due process and remedies under their 2012 agreement.

29. The harm that has been caused o Plaintiff and Trahan is likely being imposed on other similarly situated litigants due to the litigation privilege. The privilege should be ended as it is no longer the shield it is supposed to provide. It has become a sword with which a lawyer can eliminate an opponent's cause of action. *See Lawyers, Lies and the Litigation Privilege* , ***VERDICT*** *attached as Exhibit B)*

Wherefore, Plaintiff hereby requests that this Honorable Court:

1. Issue a summons and order of notice to appear for a hearing on plaintiff's request for a preliminary injunction.
2. Following return of service and a hearing on the injunction request, issue a preliminary injunction as follows:

   The decision issued in Bassichis v. Flores in December 2022 is null and void and shall not violates the substantive and procedural due process rights of litigants.

   After a hearing on the merits:

   3. Issue a declaration in accordance with paragraph 2 to make it permanent. Also, declare that the lower court's prior c. 93A denial is reversed and the Commonwealth shall be jointly responsible for payment to Plaintiff and Trahan for all losses and reasonable attorney's fees to date since it substantially caused the losses and expenses. by the fraudulent facts allowed by the litigation privilege.

   4.Schedule an assessment of damages hearing forthwith

   5,. Order such other relief as it deems mete and just.

Steven E. Kramer, BBO #279080
58 Polaris Drive

Mashpee, MA 02649
774-254-0772
Sekramer8@aol.com

Date: October 6, 2026